IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENE VARGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14-cv-07144 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| TOMMY'S REDHOTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants' motion to dismiss Plaintiff's complaint [15] is granted. The complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint that attempts to remedy the defects detailed in the accompanying Statement by 11/12/2015.

## STATEMENT

Plaintiff Rene Vargas alleges that he was employed as a "cook/kitchen worker" at a restaurant that does business as Tommy's Red Hots. (Compl. ¶¶ 4, 6, Dkt. No. 1.) He claims that he was entitled to receive overtime compensation of one and one-half times his normal rate of pay for all hours worked in excess of 40 hours per week, that he "regularly" worked more than 40 hours per week, and that Tommy's Red Hots did not properly compensate him for all of the overtime hours he worked. (*Id.* ¶¶ 16-18.) Vargas seeks relief for the alleged payment shortfalls under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 ("IMWL"), on behalf of himself and a class of similarly situated individuals.

In his Complaint, Vargas alleges that Tommy's Redhots, Inc. does business as Tommy's Red Hots in "several" locations, including three specified Illinois locations: Glendale Heights, Crystal Lake, and Woodstock. (*Id.* ¶ 6.) He further claims that Tommy's Lake in the Hills, Ltd. does business as Tommy's Red Hots in Lake in the Hills, Illinois, and that Tommy's McHenry, Ltd. does business as Tommy's Red Hots in McHenry, Illinois. (*Id.* ¶¶ 7-8.) Thomas Grieco and Daniel Grieco are each either an owner, president, or manager of Tommy's Red Hots. (*Id.* ¶¶ 10-11.) Vargas's claims for relief are asserted against each of Tommy's Redhots, Inc., Tommy's Lake in the Hills, Ltd., Tommy's McHenry, Ltd., Thomas Grieco, and Daniel Grieco (collectively, "Defendants").

Now before the Court is Defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Vargas' complaint for failure to state a claim for relief. In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in

his favor. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). But although the plaintiff's factual allegations must be taken as true, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Some factual allegations "will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.*

District courts in the Seventh Circuit have differed on the level of detail necessary to state a sufficient claim of unpaid or underpaid wages under the FLSA and the IMWL. *Compare Wilson v. Pioneer Concepts, Inc.,* No. 11-cv-2353, 2011 WL 3950892, at *2-3 (N.D. Ill. Sept. 1, 2011) (granting motion to dismiss) *with Nicholson v. UTi Worldwide, Inc.,* No. 3:09-cv-722-JPG-DGW, 2010 WL 551551, at *2-4 (S.D. Ill. Feb. 12, 2010) (denying motion to dismiss). In *Robertson v. Steamgard,* No. 11-cv-8571, 2012 WL 1232090, at *1 (N.D. Ill. Apr. 12, 2012) the plaintiff's complaint alleged that he regularly worked more than forty hours per week but was not paid the proper overtime premium; this allegation was held to be insufficient to survive a motion to dismiss. Similarly, in *Butler v. East Lake Mgmt. Grp., Inc.,* No. 10-cv-6652, 2012 WL 2115518, at *4-5 (N.D. Ill. June 11, 2012), the plaintiff's complaint alleged that he "frequently worked overtime hours in excess of forty hours in a work week" and that defendant "did not compensate him for all the overtime worked on call;" these allegations were found to be too "bare-bones" to state a claim for relief under the FLSA. In *Silver v. Townstone Fin., Inc.,* No. 14-cv-1938, 2015 WL 1259507, at *2 (N.D. Ill. Mar. 17, 2015), a complaint alleging that plaintiff regularly worked more than forty hours a week but was not paid an overtime premium for the additional hours was found insufficient to state an FLSA claim.

The complaint in the present case provides little more detail than those dismissed in the cases cited above. While Vargas does allege that the period of his employment extended from November 2007 to July 2014, he does not offer any hint as to when or how often during that period he worked overtime or failed to receive overtime pay. He does not specify any pay period or payment date as an example of the harm he suffered, nor does he suggest the amount of any claimed underpayment. In one notable distinction from the cases cited above, Vargas alleges that at least five different locations operate as "Tommy's Red Hots" restaurants and that he was employed by "Tommy's Red Hots," but he does not specify the location where he worked. Indeed, Vargas does not even allege that he worked at one of the Red Hots locations whose addresses are listed in the Complaint. The core claims of his complaint are no different than the minimal allegations in the dismissed complaints discussed above: he asserts only that he worked overtime but was not paid the required premium. This is little more than a bare bones recital of the elements of FLSA and IMWL claims and does not place Defendants on notice of the allegations they must defend. The Complaint does not plead facts that plausibly suggest a right to relief and therefore it must be dismissed.

Accordingly, Defendants' motion to dismiss the complaint is granted without prejudice. Plaintiff may file an amended complaint that states sufficient claims for relief by November 12, 2015.

Dated: September 30, 2015

_____
Andrea R. Wood
United States District Judge